# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| WILLIAM SHELTON o/b/o<br>CINDY HOOPER, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO. 3:17-CV-88-MSH<br>Social Security Appeal |
| NANCY A BERRYHILL,<br>Acting Commissioner of Social Security, | : : : | |
| Defendant. | : : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Plaintiff's deceased daughter's applications for disability insurance benefits and supplemental security income finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

*Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

William Boyd Shelton, (hereinafter "Plaintiff") on behalf of his deceased daughter Cindy Hooper, (hereinafter "Claimant") brings this action for judicial review of the Commissioner of Social Security's final decision denying applications for disability insurance benefits and supplemental security income filed by Claimant prior to her death. Claimant filed her applications on February 27, 2012, alleging disability to work beginning November 15, 2008. Her claims were denied initially on July 13, 2012, and on reconsideration on October 26, 2012. Claimant timely requested an evidentiary hearing before an administrative law judge ("ALJ") and the hearing was conducted on July 8, 2013. The ALJ issued an unfavorable decision denying her claims on August 26, 2013. Tr. 207-26. The Appeals Council granted Claimant's request for review of the ALJ's decision and on February 10, 2015, remanded the case to the ALJ for further consideration with specific instructions. Tr. 227-31.

After a second evidentiary hearing on September 1, 2016, a different ALJ issued an unfavorable decision denying Claimant's applications. Tr. 15-36. Claimant again sought review by the Appeals Council on October 11, 2016, but was denied on April 3, 2017. Tr. 10-14, 1-6. She then brought this action for review of the Commissioner's decision but died on June 15, 2017. A motion seeking to substitute Plaintiff as a party was filed on

4

August 2, 2017. Mot. to Substitute Parties, ECF No. 11. The Commissioner did not object and the Court ordered substitution on August 24, 2017. Text-Only Order, ECF No. 17. All administrative remedies having been exhausted, this case is ripe for judicial review.

## STATEMENT OF FACTS AND EVIDENCE

On the date the ALJ issued his decision Claimant was fifty-three years old. Tr. 30, 206. She had two years of college and had previously worked as a cashier, salesperson, office manager, pool maintenance supervisor, mail carrier, and had owned and operated a small business. Tr. 88-89, 369-70. In her applications for benefits she alleged she was disabled to work due to Behcet's syndrome, vasculitis, poor vision, and stroke. Tr. 369.

In conducting the five-step sequential evaluation of her claim prescribed by the Commissioner's regulations, the ALJ—at step two—found Claimant to have severe impairments of Behcet's syndrome, anxiety, and fibromyalgia. Finding 3, Tr. 20. At step three, he determined that these impairments, considered alone and in combination with one another, neither met nor medically equaled a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 21-22. Between steps three and four, the ALJ formulated a residual functional capacity assessment ("RFC") which permitted Claimant to engage in light work with additional restrictions. These restrictions included limitations to work with only short and simple instructions generally and detailed instructions occasionally, no more than two-hour blocks of concentration, and changes in the workplace introduced occasionally. Finding 4, Tr. 22-28. At step four, the ALJ found that this restricted RFC would not allow Claimant to return to any of her past relevant work. Finding 6, Tr. 28. Relying on the evidence of record and the testimony of a vocational

expert, the ALJ determined in his step-five analysis that Claimant could work within her restricted RFC as a ticket taker, housekeeping cleaner, and sales attendant. Finding 10, Tr. 29-30. He therefore found her to be not disabled to work. Finding 11, Tr. 30.

## DISCUSSION

In his brief before the Court, Plaintiff asserts that the ALJ erred when he failed to include limitations found by an examining psychologist in the RFC assessment despite having afforded the opinions of the psychologist great weight. Pl.'s Br. 9. On June 1, 2012, Claimant underwent a consultative psychological examination by Ann Weitzman-Swain. Ex. 12F. The ALJ expressly gave "great weight" to her findings, stating that Dr. Weitzman-Swain found "no substantial functional limitation not otherwise compensated for" in his RFC assessment. Tr. 27. The RFC assessment restricted Claimant to understanding, remembering and carrying out short and simple instructions, detailed instructions occasionally, concentration in two-hour blocks and only occasional changes in the workplace setting. Finding 5, Tr. 22-23. But the ALJ did not account for, or otherwise address, the psychologist's conclusion that Claimant would be "severely impaired" in maintaining regular attendance in a work setting as a result of her medical problems.

The ALJ did not discount this finding by stating that "medical problems" were not the subject of Dr. Weitzman-Swain's consultative examination. It is a reasonable inference for the Court to draw that Dr. Weitzman-Swain considered Claimant's psychological disorders as preventing her from managing her medical problems in a way that eliminated or minimized their impact on work attendance. But, giving "great weight" to the opinion of a consultative examiner who finds the subject of the examination to be "severely

6

impaired" in her ability to show up for work while not discussing and making plain the rationale for disregarding this particular finding is error.  Accordingly, this case is hereby remanded for further administrative proceedings.  On remand, the ALJ should address this portion of Dr. Weitzman-Swain's report in a thorough manner sufficient to facilitate judicial review of his decision.

**CONCLUSION**

For the reasons explained above, this case is remanded for further administrative proceedings consistent with this opinion.

SO ORDERED, this 21st day of June, 2018.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE